Case 4:25-cv-03760   Document 6   Filed on 09/22/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL SINGLETARY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-03760 |
| | § | |
| BROOKSTONE LAW COALITION, | § | |
| ET AL., | § | |
| *Defendants*. | § | |

# ORDER

This is a *pro se* fraud action.[1] Before the Court is Plaintiffs' complaint, in which *pro se* Plaintiff Michael Singletary purports to bring claims on his behalf and on behalf of other individuals: Briana Dillard, Joseph Emerson, Jonathan Carlson, Bryan McNeal, and Amanda McNeal. ECF No. 1 at 3 (the complaint is signed by Michael Singletary as "Pro Se Plaintiff and Representative for All Joinder Plaintiffs").

"In federal court a party can represent himself or be represented by an attorney, but he cannot be represented by a non-lawyer." *Rodriguez v. McMullen*, No. 3:18-CV-432, 2020 WL 12176663, at *n.8 (S.D. Tex. May 28, 2020) (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v.*

---

[1] On September 4, 2025, the district judge assigned to this case referred all pretrial proceedings to this Court. ECF No. 4; 28 U.S.C. § 636(b).

*Bank of Montreal*, 926 F.2d 1305, 1308-9 (2d Cir. 1991)) (reviewing authorities))); *see also Diamond Consortium, Inc. v. Manookian*, No. 4:16-CV-00094, 2017 WL 2364038, at *2 (E.D. Tex. May 31, 2017), *aff'd sub nom. Diamond Consortium, Inc. v. Hammervold*, 737 F. App'x 194 (5th Cir. 2018) (The right to self-representation "is limited to appearing on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, *pro se*.") (quoting *IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-JRG, 2012 WL 1118820, at *2 (E.D. Tex. Apr. 3, 2012)).

Singletary, as a *pro se* plaintiff, cannot represent other individuals. Each individual must either represent themselves or hire an attorney. *See Diamond Consortium, Inc.*, 2017 WL 2364038, at *3. Accordingly, Plaintiffs' complaint is **STRICKEN**. ECF No. 1. Plaintiff Michael Singletary may file an amended complaint raising only his claims by October 8, 2025.[2] Should he fail to do so, the Court will recommend that this case be dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022).

Further, Singletary also requested permission to file electronically. ECF

---

[2] The other individuals may file their claims in a separate lawsuit either as their own representative or through the services of a lawyer. Should joinder be appropriate, the Court may consider a motion to consolidate after the cases are separately filed.

No. 2. Singletary's request is **GRANTED**. ECF No. 2. Singletary shall follow the instructions on the Southern District's public website to access electronic filing.[3] Any inquiries should be addressed to the Clerk's Office or the ECF Help Desk.

**IT IS SO ORDERED.**

Signed on September 16, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**

---

[3] *See District Court Electronic Filing FAQ*, S.D. TEX., https://www.txs.uscourts.gov/page/district-court-electronic-filing-faq (last visited September 8, 2024).