United States District Court
Southern District of Texas
**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Michael Wayne Singletary,<br>*Plaintiff*, | § | |
| v. | § | CIVIL NO. 4:25-CV-3760 |
| Brookstone Law Coalition, *et al.*,<br>*Defendants*. | § | |

**JUDGE PALERMO'S REPORT AND RECOMMENDATION**

In this *pro se* action, Plaintiff Michael Singletary alleges Defendants tricked him into paying significant fees to pursue a bogus mortgage-debt-elimination process. ECF No. 10.[1] Because Plaintiff failed to properly serve Defendants within ninety days of filing his complaint, this case should be dismissed without prejudice.[2]

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its

[1] The district judge referred all pretrial proceedings under 28 U.S.C. § 636. ECF No. 4.

[2] Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting FED. R. CIV. P. 41(b)). Pursuant to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (first quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam); and then quoting *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)).

own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). While Plaintiff may proceed *pro se*, he must still comply with the applicable rules of procedure. See *Silva v. Melendez*, No. 7:21-CV-00001, 2021 WL 12241557, at *1 (S.D. Tex. Jan. 8, 2021). "The right of self-representation does not exempt a party from compliance with relevant rules of procedure and substantive law." *Id.* (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Pursuant to Rule 4(c), Plaintiff is responsible for serving the summons and complaint on Defendant. *Id.*; FED. R. CIV. P. 4(c).

Plaintiff filed this case on August 11, 2025. ECF No. 1. The Court struck his original complaint on September 22, 2025—because he improperly sought to represent other plaintiffs while proceeding *pro se*—and ordered him to file an amended complaint. Order, ECF No. 6. Plaintiff filed an amended complaint on September 29, 2025. ECF No. 10.

Before he filed his amended complaint, Plaintiff filed a motion for an entry of default. ECF No. 9. The Court denied the motion because there was no operative complaint on file at that time. Order, ECF No. 12. The Court also cautioned Plaintiff that failure "to comply with the Court's order or the rules regarding service of process" may result in dismissal of the case. *Id.*

Despite this warning, the record reflects that Plaintiff has not complied with

the rules regarding service of process. His certificates of service indicate that he "served a true and correct copy of the Amended Complaint, Summons, and attached Exhibits upon" the Defendants "by depositing same in the United States Mail, certified mail with return receipt requested." ECF No. 11 at 1; ECF No. 13 at 1. But this is insufficient.

The Federal Rules of Civil Procedure permit service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). The Rules permit service on a corporation, partnership, or other unincorporated association "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(h)(1)(A) (noting that service of a corporation, partnership, or other unincorporated association may be done "in the manner prescribed by Rule 4(e)(1) for serving an individual"). In Texas, one of the service options is "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a)(2). However, "[u]nder both Rule 4 and Texas law, a plaintiff cannot send the summons and complaint themselves, even via certified mail." *Gunter v. XTO Energy*, No. CV H-25-6356, 2026 WL 1138367, at *2 (S.D. Tex. Apr. 21, 2026); *see also Sharma v. City of Dall.*, No. 3:24-CV-1310-D-BN, 2026 WL 183777, at *3

(N.D. Tex. Jan. 23, 2026) (collecting cases). Here, Plaintiff states that he mailed the documents himself. ECF No. 11 at 1; ECF No. 13 at 1. Thus, his attempted service was defective. *Gunter*, 2026 WL 1138367, at *2.

The Court previously warned Plaintiff that failure to properly serve Defendants may result in dismissal. Order, ECF No. 12. He still has not properly served Defendants. Dismissal is therefore appropriate under Rule 4(m).

Accordingly, the Court **RECOMENDS** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on July 7, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**