United States District Court
Southern District of Texas

**ENTERED**

July 28, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE SINGLETARY, Plaintiff, | § § § § § | CIVIL ACTION NUMBER 4:25-cv-03760 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| BROOKSTONE LAW COALITION, *et al*, Defendants. | § § § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff Michael Wayne Singletary proceeds here *pro se*. He filed this lawsuit alleging that Defendants Brookstone Law Coalition, Scott Bernard, Gianna Miceli, and Inalienable University, fraudulently enticed him into paying significant fees toward a sham mortgage debt elimination program. Dkt 10 (amended complaint). The matter was referred for disposition to Magistrate Judge Dena Hanovice Palermo. Dkt 4.

Judge Palermo recommends that the action be dismissed under Federal Rule of Civil Procedure 4(m) because Plaintiff failed to serve Defendants within ninety days of filing the amended complaint. Dkt 25.

Plaintiff filed objections. Dkt 26. He doesn't dispute that he hasn't properly served Defendants. But he maintains that extension of the service deadline, not dismissal, is the proper remedy under the circumstances.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see

also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Plaintiff's objections lack merit.

Rule 4(m) does permit discretionary extension of the service deadline. But that relief isn't appropriate here. Plaintiff filed his amended complaint on September 29, 2025. Dkt 10. On October 7, 2025, he was warned that failure to properly serve Defendants would result in dismissal of the action. Dkt 12. Nine months have passed, and service hasn't been effectuated. Dismissal is appropriate under Rule 4(m).

That Plaintiff proceeds here *pro se* doesn't counsel a different result. The Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v United States*, 508 US 106, 113 (1993); *West v Adecco Employment Agency*, 124 F Appx 991, 992 (6th Cir 2005). Indeed, *pro se* parties must know their legal rights and follow basic procedural rules. For example, see *Brackens v Stericycle Inc*, 829 F Appx 17, 20 (5th Cir 2020); *Boswell v Honorable Governor of Texas*, 138 F Supp 2d 782, 786 (ND Tex 2000); *Washington v Jackson State University*, 532 F Supp 2d 804, 809 (SD Miss 2006). As such, Plaintiff's failure to comply with Rule 4 warrants dismissal of his claims, notwithstanding his *pro se* status.

The objections to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 26.

No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law.

The Report and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 25.

This action is DISMISSED WITHOUT PREJUDICE.

All pending motions are DENIED AS MOOT.

A final judgment will issue by separate order.

SO ORDERED.

Signed on July 28, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3